# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY CLAIRE CONNORS, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL ACTION NO. 3:CV-11-1985 |
| : | |
| KEEPER OF THE TIOGA AND : | (Mannion, J.) |
| POTTER COUNTY PRISONS; : | |
| PA STATE ATTORNEY GENERAL : | |
| : | |
| Respondents : | |

### **MEMORANDUM**[1]

On October 26, 2011, Mary Claire Connors ("Petitioner") filed the above captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. She challenges her conviction for three summary traffic offenses, in Magisterial District Court, Docket No. 55-4-03. (Doc. No. 1). The Respondents are the "Keeper of the Tioga and Potter County Prisons" and the Pennsylvania Attorney General ("Respondents"). For the reasons set forth below, the Court will dismiss the petition.

## I. **Background**

On December 3, 2010, the Petitioner was convicted of three traffic

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

offenses under the Pennsylvania Motor Vehicle Code: 75 Pa. C.S.A. §1543(a), Driving while operating privilege is suspended or revoked; 75 Pa. C.S.A. §3362(a)(1.2)(ii), Maximum speed limits; and 75 Pa. C.S.A. §4703(a), Operation of a vehicle without official certificate of inspection. (Doc. No. 1). On December 3, 2010, the Petitioner was fined eight hundred forty-eight dollars and seventy-one cents ($848.71). (Id.).

On March 21, 2011, three bench warrants were issued for the Petitioner.[2] (Doc. No. 5, Att. 1, at 73-77). On October 18, 2011, the Petitioner was committed to the Potter County Prison by Order of Magisterial District Judge Delores G. Bristol. (Doc. 5, Att. 1 at 79). The Petitioner was transferred to the Tioga County Prison because Potter County does not have a women's facility. (Doc. No. 11, at 1). The Petitioner was discharged on October 28, 2011. (Doc. No. 5, Att. 2 at 11). A hearing was held on October 28, 2011 to determine Petitioner's ability to pay the sentence of fines, costs and restitution

---

[2] 1) Bench Warrant Docket No. 55403-TR-0001084-2010 was issued for the failure to pay fines on the offense, 75 Pa. C.S.A. § 1543(A), Driving while operating privilege is suspended or revoked; 2) Bench Warrant Docket No. 55403-TR-0001085-2010 was issued for the failure to pay fines on the offense, 75 Pa. C.S.A. § 3362 (A)(1.2), Maximum speed limits, exceeding 25 MPH in a residential district by 18 MPH; and 3) Bench Warrant Docket No. 55403-TR-0001086-2010 was issued for the failure to pay fines on the offense, 75 Pa. C.S.A. § 4703 (A), Operation of a vehicle without official certificate of inspection. (Doc. 5, Att. 1 at 73-77).

imposed on December 3, 2010. (Doc. No. 5, Att. 1, at 6). An installment payment plan was developed for Conners. (Id.).

On October 26, 2011, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). She raises the following four grounds for relief:

1. Petitioner was denied equal protection because she is indigent and unable to pay fines/costs. (Id. at 4-5).

2. Petitioner was "denied legal counsel at the indigency hearing when her liberty was at stake". (Id.).

3. Petitioner challenges "civil arrest after judgment." (Id.).

4. Petitioner claims that she is in "debtor's prison" because she is unable to pay the fines and costs that were assessed against her. (Id.).

On November 22, 2011, a show cause order was issued. (Doc. 3). On December 15, 2011, the Tioga County Solicitor filed a response on behalf of the Tioga County Prison. (Doc. 4). On December 30, 2011, the Potter County District Attorney filed a response on behalf of the Pennsylvania State Attorney General, (Doc. 5), and on January 12, 2012, the attorney for the Keeper of the Potter County Prisons filed a response to the petition for writ of habeas corpus. (Doc. 11). On January 20, 2012, the Petitioner filed a Traverse. (Doc. 12). Accordingly, the petition is ripe for review.

3

II.     **DISCUSSION**

The function of habeas corpus is to secure release from illegal custody. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Therefore, a prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. §2254(a). In general, a petition for habeas corpus relief becomes moot when an inmate is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). However, in Spencer v. Kemna, 523 U.S. 1, (1998), the Supreme Court cautioned that a petitioner's release in and of itself does not render his habeas petition moot. Rather, "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." Id. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal quotations omitted). As such, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477

(citations omitted); see also Spencer, 523 U.S. at 7.

In the instant case, Connors challenges the three bench warrants that were issued for her arrest when she failed to pay the fines for her offenses. With regard to her arrest, the record indicates that Connors was taken into custody on October 18, 2011, and was discharged on October 28, 2011. (Doc. No. 5, Att. 2 at 11). Therefore, her sentence has expired. Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). As such, Petitioner's challenge to her incarceration is moot.

To the extent that Petitioner requests that this Court reverse her conviction, this Court no longer has jurisdiction to review the grounds raised in her Petition because she has been released from custody. See United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir.1971) ("custody is the passport to federal habeas corpus jurisdiction.")

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a petitioner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). A petitioner

has the burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer, 523 U.S. at 7. In this case, Petitioner has not shown that there are collateral consequences sufficient to avoid application dismissal of his habeas petition as moot. See Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir.2003). (Holding that collateral consequences of a conviction, such as the obligation to pay "restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes"). Accordingly, dismissal of the habeas petition is warranted. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: January 25, 2013