# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY CLAIRE CONNORS,** : | |
| Petitioner : | |
| v. : | **CIVIL ACTION NO. 3:CV-11-1985** |
| **KEEPER OF THE TIOGA AND** : | (Judge Mannion) |
| **POTTER COUNTY PRISONS;** | |
| **PA STATE ATTORNEY GENERAL** : | |
| Respondents : | |

## Memorandum and Order[1]

On October 25, 2011, Mary Claire Connors ("Petitioner"), filed the above captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. She challenges her conviction for three summary traffic offenses, in Magisterial District Court, Docket No. 55-4-03. (Doc. No. 1). The Respondents are the "Keeper of the Tioga and Potter County Prisons" and the Pennsylvania Attorney General ("Respondents").

By Memorandum and Order dated January 25, 2013, the petition for writ of habeas corpus was dismissed for lack of jurisdiction. (See Doc. No. 21). Presently before the Court is Petitioner's motion for reconsideration of this

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Court's January 25, 2013 Memorandum and Order, dismissing the petition. (See Doc. No. 23). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999((citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside

the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's January 25, 2013 Memorandum and Order dismissing the petition, reveals that the following was concluded:

> In the instant case, Connors challenges the three bench warrants that were issued for her arrest when she failed to pay the fines for her offenses. With regard to her arrest, the record indicates that Connors was taken into custody on October 18, 2011, and was discharged on October 28, 2011. (Doc. No. 5, Att. 2 at 11). Therefore, her sentence has expired. Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). As such, Petitioner's challenge to her

incarceration is moot.

To the extent that Petitioner requests that this Court reverse her conviction, this Court no longer has jurisdiction to review the grounds raised in her Petition because she has been released from custody. See United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir.1971) ("custody is the passport to federal habeas corpus jurisdiction.")

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a petitioner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). A petitioner has the burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer, 523 U.S. at 7. In this case, Petitioner has not shown that there are collateral consequences sufficient to avoid application dismissal of his habeas petition as moot. See Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir.2003). (Holding that collateral consequences of a conviction, such as the obligation to pay "restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes"). Accordingly, dismissal of the habeas petition is warranted.

(Doc. No. 21, Memorandum).

Petitioner's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.

In her motion for reconsideration, Petitioner argues that the Court

4

"incorrectly states that Petitioner's 'obligation to pay' is not a 'significant restraint on liberty', as if no statement/threat of incarceration for failure to pay the demanded amount of Federal Reserve Notes was directly given to Petitioner by Potter County Court immediately following Petitioner's release from incarceration" and that the Petitioner "was told failure to pay said additional fines and fees of over $600.00 would result in further incarceration." (Doc. No. 23).

However, the orders challenged in the petition do not impose any future restraint on Petitioner's liberty because future confinement is not, inevitable. Thus, Petitioner is not "in custody" as a result of the challenged orders, and this Court lacks jurisdiction over the Petition challenging the constitutionality of those orders. See Spring v. Caldwell, 692 F.2d 994 (5th Cir.1982) (an arrest warrant, issued as result of petitioner's willful refusal to pay a fine imposed as a sentence, does not satisfy the "in custody" requirement in a case challenging the constitutionality of statute imposing the fine); Edmunds v. Won Bae Chang, 509 F.2d 39, 41 (9th Cir.1975) (a person against whom a fine has been imposed, who is threatened with the possibility of confinement by a pending contempt proceeding based on failure to pay the fine, is not "in custody" because the threat of confinement is "no more than a speculative

possibility"); Toolasprashad v. Grondolsky, 570 F.Supp.2d 610, 635 (D.N.J.2008) (challenge to a future parole eligibility hearing is too speculative to warrant habeas relief); Furey v. Hyland, 395 F.Supp. 1356 (D.N.J.1975) (sentence of one year in prison that is suspended does not satisfy "in custody" requirement). The Court finds Petitioner's argument to be nothing more than an attempt to re-litigate the matters already considered and disposed of by this Court. Petitioner's motion does not offer any new information or facts which would change the result of this Court's Order. Accordingly, this Court finds that its Order of January 25, 2013, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

**THEREFORE, IT IS HEREBY ORDERED, THAT** Petitioner's motion for reconsideration of this Court's January 25, 2013, Memorandum and Order, dismissing the petition for writ of habeas corpus for lack of jurisdiction (Doc. No. 23) is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 7, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-1985-02.wpd